UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAMARVIN T. DARDEN, | ) |
|     Movant, | ) ) |
| v. | ) Case No. 4:21-cv-00262-SEP |
| UNITED STATES OF AMERICA, | ) ) ) |
|     Defendant. | ) ) |

**MEMORANDUM AND ORDER**

    Before the Court is Movant Lamarvin T. Darden's Motion to Vacate Sentence Under 28 U.S.C. § 2255. Doc. [1]. For the reasons set forth below, the motion is denied.

    This is Mr. Darden's fourth motion to vacate his sentence.[1] Under 28 U.S.C. § 2255(h), district courts may not entertain a successive motion to vacate unless it has first been certified by the Court of Appeals. Mr. Darden's motion has not been certified by the Court of Appeals for the Eighth Circuit. As a result, this Court may not grant the requested relief.

    The motion is also moot, as Mr. Darden was released from custody on March 14, 2024. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Name" and enter "Lamarvin" and "Darden" into the "First" and "Last" fields; then click "Search") (last visited Mar. 21, 2024). Release from incarceration does not always render a § 2255 motion moot. A case is not moot if a movant faces collateral consequences stemming from a criminal conviction even after release. *See Leonard v. Nix*, 55 F.3d 370, 373 (8th Cir. 1995). But "[w]here a § 2255 motion challenges a 'term of imprisonment, which has . . . expired,' the challenge is moot." *O'Neil v. United States*, 966 F.3d 764, 770 n.4 (8th Cir. 2020) (omission in original) (quoting *Owen v. United States*, 930 F.3d 989, 990 (8th Cir. 2019).

    Mr. Darden is challenging the term of his imprisonment, not the underlying criminal conviction. *See* Doc. [1] at 1. Accordingly, his challenge was mooted by his release. "Now that [Mr. Darden] has been released from prison, the court cannot grant any effectual remedy, because [Mr. Darden] has obtained all of the relief that he sought." *Owen*, 930 F.3d at 990. And

---

[1] *See Darden v. United States*, No. 14-cv-00995 (E.D. Mo. May 23, 2014), Doc. [1]; *Darden v. United States*, No. 14-cv-00995 (E.D. Mo. Dec. 7, 2015), Doc. [29]; *Darden v. United States*, No. 4:17-cv-01949 (July 10, 2017), Doc. [1]. Mr. Darden also sought sentence reduction under the First Step Act. *See United States v. Darden*, No. 4:10-cr-00538 (E.D. Mo. Dec. 6, 2019), Doc. [240].

Mr. Darden did not seek relief from supervised release. *See id.* ("The mere fact that [movant] is serving an unexpired, *unchallenged* term of supervised release does not sustain an actual controversy."). "There is thus no ongoing case or controversy." *Id.* (citing *Lane v. Williams*, 455 U.S. 624, 631, 633 (1982); *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013)).

Accordingly,

**IT IS HEREBY ORDERED** that Movant Lamarvin T. Darden's Motion to Vacate Conviction Under 28 U.S.C. § 2255, Doc. [1], is **DENIED**.

A separate order of dismissal accompanies this Memorandum and Order.

Dated this 21st day of March, 2024.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE